[Civ. No. 10090. First Appellate District, Division One.—March 17, 1937.]

ELAINE GRACE SMITH, a Minor, etc., Respondent, v. THE BANK OF CALIFORNIA, NATIONAL ASSOCIATION (a Corporation), et al., Appellants.

580

Pillsbury, Madison & Sutro, Eugene D. Bennett and John Elliott Cook for Appellants.

Treadwell, Laughlin & Treadwell for Respondent.

THE COURT.—A proceeding for a declaratory judgment construing a trust created by the will of Cora B. Smith, deceased.

The testatrix left surviving her three sons, namely, J. R. Pringle, Sidney V. Smith, Jr., and Felix T. Smith, and Cora Goold, a daughter. There also survived her four grandchildren, namely, Sidney V. Smith III, and Cora H. B. Smith, the children of Sidney V. Smith, Jr., Felix T. Smith, Jr., the son of Felix T. Smith, and Cora B. Smith, the daughter of Cora Goold. After making provision in her will for the support and education of Sidney V. Smith III and Cora H. B. Smith from specified portions of her estate she devised the residue to trustees, directing payment of the income therefrom to her children in like proportions during their lives. With respect to the interest of Sidney V. Smith, Jr., in the residue, it was provided that the trustees should pay " . . . one-fourth of the income of said estate to my son Sidney during his life, and upon his death to pay such one-fourth of said income to my son Sidney's lawful issue then alive *per stirpes,* and, in default of such lawful issue of my son Sidney, to my lawful issue then alive *per stirpes.*" The will contained similar provisions with respect to Felix T. Smith and Cora Goold. It was further provided that the trust income from the residue should terminate upon the death of the longest liver of the testatrix's children above

named, and the *corpus* then vest in her lawful issue then living *per stirpes.* The estate was distributed to the trustees accordingly.

The above action was brought by Elaine Grace Smith, a minor, by her guardian Elaine Smith, the latter being the divorced wife of Sidney V. Smith, Jr. Her complaint alleged that Smith intermarried with Elaine Trenberth, and that she with Sidney V. Smith IV and Cora H. Butterworth Smith are the lawful issue of the marriage. The two last named were joined as defendants with the trustees and three minors named Betty, Henry and Donna Smith. The complaint alleged that the three minors last mentioned—who appear by their guardian—have no interest in the trust estate. It was also alleged that plaintiff is the owner of the right to one-third of the income of the trust property contingent upon her surviving said Sidney V. Smith, Jr., but that the defendants deny that she is a beneficiary as alleged and that a controversy exists between the parties as to her rights therein; further, that unless her right is now determined the evidence thereof may be lost, all to her irreparable injury, and that she has no adequate remedy in the ordinary course of law.

It is admitted that the children of said Felix T. Smith are Felix T. Smith, Jr., Nathan S. Smith and Lawrence H. Smith; and of said Cora Goold are Mary Goold and Louise Goold. The defendants pleaded the nonjoinder of these children, alleging that they are interested in the matters set forth in the complaint and are necessary parties to their determination. The complaint also alleged that plaintiff is a child born in lawful wedlock, the lawful issue of Sidney V. Smith, Jr., and Elaine Trenberth Smith. This question was put in issue by the answer of the trustees and the three minor children, represented by their guardian *ad litem,* and plaintiff's status in this respect appeared as one of the important issues in the case, although the parties to the appeal do not now appear to question plaintiff's status in that respect.

With the exception hereinafter to be considered the trial court found according to the allegations of the complaint and entered its decree, adjudging the plaintiff to be the lawful issue of Sidney V. Smith, Jr., and Elaine Trenberth Smith, and as such entitled to an interest in the trust given

under the will to Smith's lawful issue; further, that the judgment should be without prejudice to the rights of any of the beneficiaries under the will, and that "nothing should be deemed to be determined by the judgment except the status of said plaintiff as lawful issue of said Sidney V. Smith, Jr., and Elaine Trenberth Smith with respect to said trust estate".

The trustees, who appeal, complain that no actual controversy existed, and that they are not protected by the judgment as against the persons mentioned who are interested in the trust but have not been joined as defendants. It is admitted by plaintiff's counsel that should the other persons who claim to be the lawful issue of Sidney V. Smith, Jr., die, and the plaintiff become the only person making such claim, the others not joined in the action would have an interest in questioning her legitimacy. They suggest, however, that this contingency is too remote to be considered, and that in any event another decree in a suit to which the trustees will be parties will protect them. However, as urged by the trustees, as between the plaintiff and themselves they will be precluded by the present decree as to plaintiff's status, while this is not true of others not joined who might eventually raise the question.

While there is sufficient evidence to support the trial court's conclusion that an actual controversy existed, it appears to us that the contingency mentioned is by no means remote. It is not contrary to the nature of things that such a situation might arise, resulting in expense and possible loss to the trustees. The action involves the rights of the beneficiaries, not only as between themselves, but also as between them and the trustees. This being so, the latter are entitled to protection against further litigation, and to have the rights of all interested in this portion of the trust estate finally determined. (*McBrown* v. *Dalton*, 70 Cal. 89 [11 Pac. 583]; *Mitau* v. *Roddan*, 149 Cal. 1 [84 Pac. 145, 6 L. R. A. (N. S.) 275]; *Hutchins* v. *Security Trust & Sav. Bank*, 208 Cal. 463 [281 Pac. 1026, 65 A. L. R. 1059].)

As stated, the complaint alleged that the minors Betty, Henry and Donna Smith have no interest in the trust, but no finding upon this issue was made. They also have appealed from the judgment. There was evidence that these are the children of Sidney V. Smith, Jr., and Irene Ozalli,

born out of wedlock, whose parents subsequently intermarried. The facts in evidence, if true, show them to be Smith's lawful issue (Civ. Code, sec. 215; *Wolf* v. *Gall,* 32 Cal. App. 286, 295 [163 Pac. 346]), and, as urged by their counsel, the issue was material and they were entitled to a finding thereon. Being material, the failure to find constituted prejudicial error. (2 Cal. Jur., Appeal and Error, secs. 614, 1032.)

For the reasons stated the judgment is reversed.